UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LESLY FAJARDO, et al.,
  Plaintiffs,

  v.

BOSTON SCIENTIFIC CORP., et al.,
  Defendants.

No. 3:14-cv-1922 (SRU)

## ORDER OF REMAND

  Plaintiffs Lesly and Jairo Fajardo (collectively, "the Fajardos") filed this suit in Connecticut Superior Court on November 25, 2014 against defendants Boston Scientific Corporation ("BSC"), Bridgeport Hospital, Dr. Lee Jacobs, and OB-GYN of Fairfield County, P.C., asserting multiple claims under Connecticut statutory and common law.  Notice of Removal, Ex. A, at 5–38 (doc. 1-1).  On December 19, 2014, defendant Boston Scientific Corporation ("BSC") removed this case from state court on the basis of this Court's diversity jurisdiction (doc. 1).  28 U.S.C. §§ 1332, 1441, 1446.  The Fajardos moved to remand the case to state court for lack of subject matter jurisdiction and requested attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c) (doc. 7).  It is uncontested that there is no other basis for subjection matter jurisdiction.

  As a threshold matter, the parties in this case are not diverse.[1]  The Fajardos are citizens of Connecticut.  BSC is a Delaware-chartered corporation with its principal place of business in Massachusetts.  Bridgeport Hospital, Jacobs, and OB-GYN of Fairfield County, P.C., are all

---

1. The parties do not dispute that this case satisfies section 1332(a)'s requirement that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, slip op., No. 13-719, __ U.S. ___, at *5–6 (Dec. 15, 2014)  (holding that because federal courts accept a plaintiff's allegations regarding the amount in controversy in good faith under Rule 8(a), the same presumption is extended to the defendant in its notice of removal).

citizens of Connecticut.  BSC argues that the district court should disregard the Connecticut defendants because the Fajardos have failed to state a claim upon which relief can be granted with respect to those defendants.  Notice of Removal 3–6.  It asks the court to dismiss the Connecticut defendants and proceed against BSC, only.  *Id.*

I.    Standards of Review

Federal Rule of Civil Procedure 12(b)(1) states that "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it," and a district court "must dismiss the action" if it finds, at any time, that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  If a case is not properly before the district court, it may not consider the substance of the lawsuit; instead, the court must dismiss or remand the case.  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 893–94 (2d Cir.), *cert. denied*, 464 U.S. 845 (1983).

A claim is removable only if the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing defendant bears the burden of establishing that a case falls within the federal court's removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  "In light of congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments," federal courts must construe removal statutes narrowly and resolve any doubts in favor of remand.  *Purdue Pharma. L.P. v. Kentucky*, 407 F.3d 208, 213 (2d Cir. 2013) (citing *Lupo v. Human Affairs Int'l Inc.*, 28

F.3d 269, 274 (2d Cir. 1994)); *see Sheets*, 313 U.S. at 106–07.

Diversity jurisdiction only exists where there is complete diversity, that is, when each defendant is a citizen of a different state from each plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The "well-pleaded" complaint rule provides that a federal court has subject matter jurisdiction over a complaint that sets forth a federal claim on the face of the complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 59–61 (2009); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 436 U.S. 1, 22 (1983). The party who seeks to invoke a court's jurisdiction bears the burden of establishing that jurisdiction. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

**II.   Discussion**

BSC's argument that the Connecticut defendants are improperly or fraudulently joined is unavailing. When, as here, a defendant does not allege outright fraud by the plaintiffs, a district court must consider whether, based on the pleadings, the plaintiffs have a valid claim—even if the possibility of recovery is slim. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). The defendant bears the burden of demonstrating, by clear and convincing evidence, "that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (citing *Pampillonia*, 138 F.3d at 461). There is no indication that the Fajardos raised claims against the Connecticut defendants to evade federal jurisdiction, and from the face of the complaint, there is a possibility that they may prevail on several of those claims.

3

BSC argues that the Fajardos' claims are time-barred, eliminating the possibility of recovery against the Connecticut defendants. That assertion does not accurately reflect Connecticut case law regarding the Fajardos' claims. Taking the allegations of the complaint as true, several of the statutes of limitations for the Fajardos' claims have not expired, either because the date of accrual began after the date noted by BSC, or due Connecticut law regarding equitable tolling for certain medical malpractice, consumer protection, and products liability claims. The Fajardos assert continuing violations of the duty to warn, the doctrine of informed consent, and state products liability law in their complaint—all actions that toll the statute of limitations and allow recovery when a plaintiff alleges a continuing violation.

Several of the Fajardos' claims remain actionable, and there remains a possibility that they may recover against one or all of the Connecticut defendants on those claims. Accordingly, and in the absence of evidence of outright fraud, the Court must take the Fajardos' complaint at face value and accept that the Connecticut defendants are proper parties to this lawsuit.[2] As a result, this case lacks complete diversity and does not fall within the district court's original jurisdiction.

BSC has not demonstrated that the Fajardos' complaint falls within this court's subject matter and removal jurisdiction. Accordingly, the Fajardos' motion to remand this case and for attorneys' fees and costs incurred as a result of the deficient removal petition (doc. 7) is GRANTED. Nothing in this decision will bar the removal of this case at a later date if the claims against the non-diverse defendants are dismissed by the state court. 28 U.S.C. § 1446(b)(3). The clerk shall **REMAND** this case to the Connecticut Superior Court, Judicial District of

---

2. Because the Connecticut defendants are properly joined, BSC's petition is also procedurally defective—at least one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b). I need not evaluate that defect, however, because the parties' lack of complete diversity is dispositive on the issue of subject matter jurisdiction and remand.

Stamford/Norwalk at Stamford, and shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of January 2015.

          /s/ STEFAN R. UNDERHILL

Stefan R. Underhill
United States District Judge